UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America_____
                                                          )        Crim. No. 06-366-02 (RWR)
                    v.                           )
Reginald Bizzell,                    )
_____Defendant_____ )

OPPOSITION TO UNITED STATES' MOTION TO ADMIT
OTHER CRIMES EVIDENCE PURSUANT TO
FEDERAL RULE OF EVIDENCE
(404)(b)

Defendant, through undersigned counsel Nathan I. Silver, appointed by this Court under the Criminal Justice Act, hereby opposes the United States' Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence (404)(b) ("Motion"). The reasons follow.

1. Defendant is charged with a single count[1] of Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year ("Felon in Possession"), in violation of Title 18 U.S.C. §922(g)(1).

2. Defendant incorporates, while neither conceding or refuting its accuracy, by reference herein the narrative account of the government's expected evidence at trial, as stated in its Motion, ¶2, pp. 2-4.

3. Defendant submits that the evidence the government seeks to introduce – namely, "a Savage 20 gauge shotgun model 220L-E 20 serial #P306936, wrapped in a purple Bucks basketball jersey similar to one Bizzell wore in displayed photographs throughout the apartment – (a) is not relevant under Fed. R. Evid. 401 and does not satisfy a legitimate purpose under Fed. R. Evid. Rule 404(b). Further, defendant

---

[1] Count II of the indictment.

contends that even if relevant, the proposed evidence is more unfairly prejudicial to defendant than it is probative of a legitimate evidentiary issue, thus violating Rule 403. It is deficient in reliability because of its nature and the circumstances in which it was obtained.

    4. According to the Motion, "[o]n November 28, 2006 (six days after the incident[2]) a search warrant was obtained and executed at defendant Bizzell's residence (300 Livingston Terrace, SE, Washington, D.C.) No one was present when the search warrant was executed at Bizzell's residence. There was one bedroom in the residence. Bizzell's mail matter, photographs, and personal belongings were in certain drawers of dressers within the bedroom and on one side of a shared closet inside of the bedroom. *The other side of the closet contained female items.*" (Motion, ¶2, p.4) (Italics added)

    5. Defendant submits that the passage of time between his arrest in the early morning hours of Nov. 22, 2006, and the execution of the warrant on Nov. 28, 206, attenuates the arguable connection between him and the proposed 404(b) evidence. During that period, defendant was detained in the instant case. He did not have access to the residence (assuming, for the moment, it was his residence) for those six days. Though the apartment was unoccupied when the police entered and searched it, the police found "female items," which indicated that another person lived there and that others may have had access to the residence between Nov. 22 and Nov. 28.

    6. The Court does not have before it a situation in which a search was made contemporaneously, or nearly so, with the defendant's arrest.

    7. For evidence to satisfy Rule 404(b), it must show that the defendant was the perpetrator of a similar crime. *See United States v. Bibo-Rodriguez,* 922 F.2d 1398, cert.

---

[2] Meaning the defendant's arrest on the instant charge.

denied, 111 S.Ct. 2867 (9th Cir. 1991) (evidence that appellant transported drugs in door panel of car admissible to show appellant's knowledge of illegal drugs in roof panel of another car). *See United States v. Gilan,* 967 F.2d 776 (2nd Cir. 1992); *United States v. Fortenberry,* 860 F.2d 628 (5th Cir. 1988); *United States v. Garner,* 396 F.3d 438 (D.C. Cir. 2005) (police officer on prior occasion found appellant with an ammunition clip on his person and a loaded handgun under the passenger seat he occupied in a car; evidence held admissible in case that presented substantially identical facts). *See also United States v. Orozco,* 997 F.2d 1302 (9th Cir. 1993) (in 1991 case involving charge that appellant smuggled 120 lbs. of heroin into U.S. from Mexico, government sought to introduce evidence of appellant's 1988 arrest for similar crime; evidence not admissible to show knowledge of heroin, because 1988 case produce conviction only for misdemeanor resisting arrest.)

    8. Therefore, the evidence does not satisfy Rule 403, because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…." Introduction of this evidence will occasion a mini-trial on the issue of whether or not defendant was the actual possessor of the shotgun. The government "must at least provide some evidence that the defendant committed the prior bad act." *See United States v. Gonzalez-Lira,* 936 F.2d 184, 189-90 (5th Cir. 1991) Under *United States v. Huddleston,* 485 U.S. 681, 689 (1988), the Supreme Court, though it refused to establish a particular standard of proof for 404(b) evidence, ruled that the government must present evidence that permits the jury to "reasonably conclude that the act occurred and that the defendant was the actor." The evidence here simply does not possess the clarity needed for it to satisfy relevance considerations.

9. The proposed evidence, despite the government's categorical and summary assertions of its admissibility under 404(b), is in fact not admissible for those purposes. *See United States v. Linares,* 367 F.3d 941 (D.C. Cir. 2004). As the *Linares* court pointed out, the felon in possession offense does not require proof of specific intent. Moreover, the presence of a shotgun in defendant's residence does not tend to show he *knew* of a Ministorm 9mm semi-automatic handgun in the car the government says codefendant Seegers was driving.

10. Defendant contends separately that the warrant on which the search was based lacked probable cause to establish that evidence of crime or contraband might be found on the premises described as apt. 102 at 300 Livingston Terrace, S.E., Washington, D.C. *See Illinois v. Gates*, 462 U.S. 213 (1983); *United States v. Leon,* 468 U.S. 897 (1984). Additionally, the affidavit prepared in support of the warrant may have contained false or misleading information which would invalidate the search. *See Franks v. Delaware,* 438 U.S. 154 (1978). Defendant requests permission to make further argument on the issue of the legality of the search in the event the Court determines that the proposed evidence is admissible under Rule 404(b).

WHEREFORE, defendant moves the Court to prohibit the introduction of the proposed 404(b) evidence.

> Respectfully submitted,
> /s/
> Attorney for Reginald Bizzell
> P.O. Box 5757
> Bethesda MD 20824-5757
> (301) 229-0189 (voice & fax)

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing Motion has been served this 22nd day of January, 2007, upon Angela Hart-Edwards, Esq., assistant U.S. Attorney, Narcotic Crimes Section (U.S. District Court), U.S. Attorney's Office, 555 4th St. NW, Washington DC 20530, and upon all related parties by electronic transmission under the Electronic Court Filing system.

                                               /s/
                                        _____
                                        *Nathan I. Silver*