UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America_____
                                                                    )         Crim. No. 06-366-02 (RWR)
                          v.                              )
Reginald Bizzell,                                  )
_____Defendant_____ )

MOTION TO MODIFY CURFEW REQUIREMENT

Defendant, through undersigned counsel Nathan I. Silver, appointed by this Court under the Criminal Justice Act, hereby moves the Court to eliminate or modify defendant's curfew requirement under the Heightened Supervision Program ("HSP") of the U.S. Pretrial Services Agency ("PSA").  Defendant's case manager at PSA, David Cooper, has verified to the agency's satisfaction defendant's job offer with Acosta, a company that provides stocking and reshelving services to area Safeway Stores. Defendant's uncle, Reginald Bizzell, is a manager with Safeway and helped defendant obtain employment with Acosta.[1]  Mr. Cooper also has told counsel that he vetted Acosta, which to all appearances is a legitimate business operating in the Washington metropolitan area.  Defendant would not be assigned to one particular Safeway store but would circulate among area stores, depending on the need for services.  Defendant received a printed schedule, which he produced for Mr. Cooper, showing his assignment to various stores for this week.

Defendant provided to Mr. Cooper a copy of the proposed work schedule. Defendant would be placed on a 3 a.m. to 11 a.m. shift daily, Monday through Friday.  In order to get to work on time, he would need to leave for work at roughly 2 a.m. on those

---

[1] Counsel has spoken with both Mr. Cooper and with Pamela Alkire of Acosta.  Counsel has not spoken with defendant's uncle.

days he goes to work. Mr. Cooper also said that he, as defendant's case manager, would require defendant to provide continuing documentation of defendant's actual work with Acosta. Though he said that a nightly curfew was customary in the HSP, and work on "graveyard shifts" discouraged by HSP, Mr. Cooper advised that in these circumstances he did not oppose the modification of the curfew requirement here as long as adequate controls were in place.

In the circumstances, it seems best to keep the nightly curfew that begins at 10 p.m. and then lifting it at 2 a.m. so that defendant can travel to work and arrive punctually. Keeping the 10 p.m. curfew in place assures the Court that defendant will not be permitted to stay out an entire evening, only to report for his work in the early morning hours. It provides a measure of safety the curfew requirement is meant to provide.

A proposed Order is attached.

WHEREFORE, defendant moves the Court to modify defendant's curfew.

Respectfully submitted,
/s/
Attorney for Reginald Bizzell
P.O. Box 5757
Bethesda MD 20824-5757
(301) 229-0189 (voice & fax)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to Modify Defendant's Curfew has been served this 23rd day of January, 2007, upon Angela Hart-Edwards, Esq., assistant U.S. Attorney, Narcotic Crimes Section (U.S. District Court), U.S. Attorney's Office, 555 4th St. NW, Washington DC 20530, and upon all related parties by electronic transmission under the Electronic Court Filing system.

/s/
_____
*Nathan I. Silver*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America_____
               )  Crim. No. 06-366-02 (RWR)
               )
   versus         )
               )
Reginald Bizzell,        )
_____Defendant_____ )

ORDER

  Upon good cause shown by defendant in his Motion to Modify Defendant's Curfew, and upon other evidence before the Court in the record of this case, it shall be and hereby is,

  ORDERED, this \_\_\_\_\_ day of _____, 2007, that the so-described Motion is GRANTED, and it is further

  ORDERED, that the curfew currently in place for defendant from the hours of 10 p.m. to 6 p.m. daily be modified to 10 p.m. to 2 a.m. on those days when defendant is scheduled to work, and otherwise remain in effect from 10 p.m. to 6 a.m. on those days when defendant is not scheduled to work, and it is further

  ORDERED, that defendant be required to comply with all conditions imposed by the U.S. Pretrial Services Agency ("PSA") in its administration of defendant's participation in the Heightened Supervision Program ("HSP") and that PSA report promptly to the Court any apparent violations of the HSP.

                _____
                Hon. Richard W. Roberts
                United States District Judge

cc: Nathan I. Silver, Esq.
P.O. Box 5757
Bethesda MD 20824

Angela Hart-Edwards
United States Attorney's Office
555 4th Street NW
Washington DC 20530

Jonathan Jeffress, Esq.
Federal Public Defender
625 Indiana Ave. NW – Suite 550
Washington DC 20004