UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | No. 06-cr-366-02 (RWR) |
| ) | |
| Reginald Bizzell,   ) | |
| _____ *Defendant*_____) | |

SUPPLEMENT TO DEFENDANT'S OPPOSITION
TO GOVERNMENT'S REQUEST TO INTRODUCE 404(b) EVIDENCE

Defendant, through undersigned counsel appointed under the Criminal Justice Act, hereby supplements his previously filed opposition to the government's request for permission to introduce other crimes evidence under Fed.R. Evid. 404(b). The purpose of this pleading is to present argument on defendant's constitutional objection to the government's proposed use of the evidence, consisting of a shotgun. Defendant submits that (1) there was no probable cause for the issuance of the warrant to search 300 Livingston Terrace, S.E., #102, Washington, D.C., and (2) that the affidavit prepared in support of the warrant included information which was arguably false and misleading, thus making invalid the warrant which issued from it.

For purposes of this pleading, defendant incorporates by reference the Search Warrant and Application and Affidavit for Search Warrant in U.S. District Court criminal case no. 1:06-mj-00490 (AK).

*THE AFFIDAVIT FAILS TO ESTABLISH PROBABLE CAUSE TO SEARCH*

The Affidavit failed to establish probable cause to believe that evidence of crime or contraband might be found on the premises. As a general principle, an affidavit must assert "facts so closely related to the time of the issu(ance) of the warrant as to justify a finding of probable cause at that time." Sgro v. United States, 287 U.S. 206, 210 (1932)

But probable cause "is not determined by merely counting the number of days between the time of the facts relied upon and the warrant's issuance." United States v. Rahn, 511 F.2d 290, 292 (10th Cir. 1975)  Rather, it requires an assessment of several variables, including the character of the crime, of the criminal, of the items to be seized, and of the premises to be searched. Andresen v. State, 331 A.2d 78, 106 (Md. App. 1975), aff'd sub nom., Andresen v. Maryland, 427 U.S. 463 (1976).  In this case, the affiant applied for the warrant six days after defendant's arrest on Nov. 22, 2006, the date of defendant's initial detention.  Defendant's detention prevented him from having access to the apartment during that time.  The affidavit itself lacks information that the apartment was sealed or otherwise kept under surveillance from the time of defendant's arrest and the application for the warrant.  Thus, the affiant presented no information to the reviewing magistrate that there was reason to believe that the apartment *currently* held evidence of crime or contraband.

The Fourth Amendment to the United States Constitution protects against "unreasonable searches and seizures."  When the police undertake a search, the Amendment further requires, it must be upon a showing of probable cause, that no warrant shall issue except upon probable cause.  To demonstrate probable cause for a search, an affidavit must set forth facts sufficient to induce a reasonably prudent person that a search thereof will uncover evidence of a crime. *Berger v. United States*, 388 U.S. 41 (1967); *United States v. Laws*, 808 F.2d 92, 94 (D.C. Cir. 1986).  To determine whether a search warrant is supported by probable cause, a flexible totality-of-the-circumstances standard is employed. *Illinois v. Gates*, 462 U.S. 213 (1983)  A finding of probable cause requires a determination that certain objects can *currently* be found a

particularly described place. 1 W. Ringel, *Searches & Seizures, Arrests and Confessions,* §4.2(a) at 4-13 (1988) (italics added) "[I]f the information is too old, it is considered stale and probably no longer exists." *United States v. Rakowski*, 714 F.Supp. 1324, 1329 (D. Vt. 1987) (citing *Sgro v. United States*, 287 U.S. 206, 210-212 (1932); *see also Andresen v. Maryland*, 427 U.S. 463 (1976) (cited in *United States v. Huggins*, 733 F.Supp. 445 (D.D.C. 1990) (Revercomb, J.)

The Affidavit lacked probable cause, too, because of there was no reason to believe defendant was the possessor of the firearms found on the pavement near the car.

The affidavit argued that it was reasonable to believe that a search of defendant's residence might yield illegal weapons and evidence of illegal gun possession. The evidence it recited tying defendant to the possession of the two recovered weapons was scanty. It was misleading, too, because it failed to note that all the firearms evidence pointed to defendant Seegers, not defendant, as its possessor. That included, but was not limited to, defendant Seegers as operator and registered owner of the vehicle in which shell casings were found; the location of all shell casings on the driver's, not the passenger side, of the vehicle[1]; the exit of defendant Seegers from the vehicle, followed by the sound of what seemed to be a metal object striking the sidewalk; the recovery of the two guns on the driver's side of the car (one in front of the vehicle, the other on the pavement in an area that the driver's side of the vehicle concealed before the car was towed from the scene by police[2]). Moreover, the affidavit contains no information that

---

[1] The testimony of Ofc. Bellino at the preliminary hearing revealed that three shell casings were found on the floorboard of the driver's side of the car, the other three under the driver's seat.

[2] The affidavit said simply that the black Ministorm 9mm handgun "was observed on the ground and under the vehicle in the vicinity of the left tire." The affidavit does not say *which* left (i.e., driver's side) tire, the front or rear. Crime scene photos provided in pretrial discovery reveal that it was closer to the front, driver's side tire.

defendant was seen with a gun or with ammunition at the scene, or was somehow involved with the firing of shots at the Tradewinds nightclub in suburban Maryland, the report of which prompted the chase of the Seegers vehicle to its final resting place on Southern Avenue at 6th Street, S.E.  The affiant says he identified defendant as the front seat passenger of the car, a 1994 Buick Park Avenue, but it contained no information that defendant was seen handling either gun.[3]

If the affidavit fails to link defendant to either handgun or to the shell casings found in the Buick, the affidavit cannot support the conclusion that defendant's residence would likely contain "documents indicating possession and/or ownership of firearms or firearms equipment and other firearm related paraphernalia, additional rounds of ammunition, miscellaneous gun pieces, holsters, gun cleaning kits, targets, photographs of both firearms and subjects with firearms, and any other contraband…." (¶15, p. 4, Affadivt)

## II. THE LEON DETERMINATION

*United States v. Leon*, 468 U.S. 897 (1984) approved a so-called "good-faith exception" to the exclusionary rule in the event that an affidavit fails to establish probable cause.  That is, evidence may be utilized and admitted into evidence, notwithstanding the lack of probable cause, except in four particular circumstances.  Among them is an

---

[3] The affidavit says that on the scene, defendant stated "that he had just left his girlfriend's home and was walking to his residence and had nothing to do with the vehicle pursuit.  A later search of the Buick revealed BIZZELL'S wallet and driver's license on the front passenger floorboard." (¶11, p. 3, Affidavit) Even if defendant made such statements, they do not amount to an admission that he had possessed a gun or ammunition.

"affidavit (which) is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *U.S. v. Leon* at 923.[4]

In this case, the affidavit fails to establish probable cause because (1) it fails to link defendant to the handguns and spent casings, and (2) it presents stale information.

### III. THE AFFIDAVIT CONTAINS MISLEADING INFORMATION.

Appellant seeks a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), because the affidavit contains either deliberately misleading information or information that evinces a reckless disregard for the truth. A search warrant may be voided because of erroneous statements found in the supporting affidavit, when the affiant either deliberately misleads the magistrate or shows a reckless disregard for the truth in preparing the affidavit. *Franks v. Delaware*, 438 U.S. at 171. *See also United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990) Defendant submits that the affidavit contains the following misleading information: (a) that "[a] search of the Buick revealed five (5) 9mm spent shell casings within the passenger compartment of the Buick." (all shell casings were found exclusively on the driver's side of the vehicle); (b) "Your officers…observed a black male subject exit a wooded area and walk down Southern Avenue away from the scene." (Ofc. Bellino, the witness at the hearing and affiant on the search warrant affidavit, appeared to say that police saw a person, later identified as defendant, wearing a black skull cap walk *past* the scene.[5]), and (c) that "[y]our affiant positively identified the subject, later identified by his Maryland Driver's license as

---

[4] The three others are (1) the misleading of a magistrate, who issues a warrant based on information the affiant knew was false; (2) the magistrate abandons the detached and neutral role required of a judicial officer, and (3) a facial deficiency in the warrant sufficiently serious that the executing officers cannot reasonably presume that the warrant is valid. Id.

[5] Defendant will obtain a copy of the transcript of the detention hearing to determine the actual statement of the officer.

Reginald Gene BIZZELL., to be the front seat passenger of the Buick." (The affidavit omits that the initial report Ofc. Bellino, the affiant, broadcast to the dispatcher, was for a light-skinned black *fe*male, and omits the conclusory nature of Officer Bellino's identification, based as it was on defendant having been stopped at the scene and his identification materials being found inside the Buick.)

If the Court finds that misleading information prompted the reviewing magistrate to issue the warrant, the good faith exception created by *Leon* would not validate the search.

### *IV. CONCLUSION*

Defendant has learned from pretrial discovery materials that during the search of Apt. #102 at 300 Livingston Terrace SE, the police seized photos depicting defendant and codefendant Seegers together. The government has informed defendant that it intends to introduce them in its case-in-chief. If the Court finds that the evidence must be suppressed on constitutional grounds, then all items, the shotgun included, seized during the search would be inadmissible at trial.

Defendant notes that the filing of this pleading was delayed because of a death in counsel's family (the mother of counsel's wife) and that the government does not oppose its filing at this time.

Respectfully submitted,

NATHAN I. SILVER/#944314
Attorney for Reginald Bizzell
P.O. Box 5757
Bethesda MD 20824-5757
(301) 229-0189 (voice & fax)
email: NISquire@aol.com

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing Supplemental Pleading has been served via electronic transmission through ECF upon Angela Hart-Edwards, Esq., asst. U.S. Attorney, United States Attorney's Office for the District of Columbia, 555 4th St. NW, Washington DC 20530 this 1st day of February, 2007.

                                                  _____
                                                  *Nathan I. Silver*