UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 06-cr-366-02 (RWR) |
| | ) | |
| Reginald Bizzell, | ) | |
| _____ *Defendant*_____ | ) | |

MOTION FOR LEAVE TO LATE FILE
MOTION TO SUPPRESS TANGIBLE EVIDENCE RECOVERED FROM
DEFENDANT'S PERSON AND STATEMENTS ATTRIBUTED TO DEFENDANT

Defendant, through undersigned counsel appointed under the Criminal Justice

Act, hereby moves the Court to permit him to late file the attached Motion to Suppress

Tangible Evidence Recovered from Defendant's Person and Statements Attributed to

Defendant ("Motion").

In further reviewing the government's pretrial discovery materials and upon

further reflection, defendant's counsel determined that there was a separate issue

regarding the legality of the arrest of defendant for weapons violation and possession of

alcohol in an open container.  It was an oversight which counsel seeks to correct so that

his client is not prejudiced from the failure to assert it.[1]  Defendant represents that his

counsel has spoken with asst. U.S. Attorney Angela Hart-Edwards of defendant's

intention to file this motion.  The government **opposes** the late filing because, it has told

defendant, it believes these issues have already been raised and preserved in defendant's

previous filings.  In any event, defendant does not oppose the government contesting the

substantive motion orally (without the need for written briefing)  at the hearing on March

9, 2007.

---

[1] Counsel also wishes to inform the Court that in the past several weeks, a grave illness and death in
counsel's family (his wife's mother) also distracted counsel from the time he ordinarily devotes to his
work.

For these reasons, defendant moves the Court to permit the late filing of the attached Motion.

WHEREFORE, defendant moves the Court for permission to late file the attached Motion to Suppress Tangible Evidence Recovered from Defendant's Person and Statements Attributed to Defendant.

A proposed Order is attached.

Respectfully submitted,

NATHAN I. SILVER/#944314
Attorney for Reginald Bizzell
P.O. Box 5757
Bethesda MD 20824-5757
(301) 229-0189 (voice & fax)
email: NISquire@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to Suppress Tangible Evidence Recovered from Defendant's Person and Statements Attributed to Defendant has been served via electronic transmission through ECF upon Angela Hart-Edwards, Esq., asst. U.S. Attorney,  United States Attorney's Office for the District of Columbia, 555 4th St. NW, Washington DC 20530, and upon Jonathan Jeffress, Esq., Staff Attorney, Federal Public Defender, this 5th day of February, 2007.

_____
*Nathan I. Silver*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America_____
                                                    )          Crim. No. 06-366-02 (RWR)
                                                    )
                        versus                      )
                                                    )
Reginald Bizzell,                                   )
_____Defendant_____ )

ORDER

Upon good cause shown by defendant in his Motion for Leave to Late File his

Motion to Suppress Tangible Evidence Recovered from Defendant's Person and

Statements Attributed to Defendant, and upon other evidence before the Court in the

record of this case, it shall be and hereby is,

ORDERED, this _____ day of _____, 2007, that the defendant be

permitted to late file the so-described Motion is GRANTED.

_____
Hon. Richard W. Roberts
United States District Judge

cc:     Nathan I. Silver, Esq.
        P.O. Box 5757
        Bethesda MD 20824

        Angela Hart-Edwards
        United States Attorney's Office
        555 4th Street NW
        Washington DC 20530

Jonathan Jeffress, Esq.
Federal Public Defender
625 Indiana Ave. NW – Suite 550
Washington DC 20004

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 06-cr-366-02 (RWR) |
| | ) | |
| Reginald Bizzell, | ) | |
| _____ *Defendant*_____ | ) | |

MOTION TO SUPPRESS TANGIBLE EVIDENCE RECOVERED FROM
DEFENDANT'S PERSON AND STATEMENTS ATTRIBUTED TO DEFENDANT

Defendant, through undersigned counsel appointed under the Criminal Justice

Act, hereby moves the Court to suppress all tangible evidence seized from the person of

defendant following his arrest on November 22, 2006, at or near 6th Street and Southern

Ave., N.E., Washington, D.C.  and statements attributable to defendant, as described

below.  The reasons follow.

1.  Defendant incorporates by reference his previously filed Motion to Suppress

Statements; Motion to Suppress Tangible Evidence (from search of Apt. 102, 300

Livingston Terrace, S.E.); Opposition to United States' Motion to Admit Other Crimes

Evidence Pursuant to Federal Rule of Evidence 404(b); and *Supplement* to Defendant's

Opposition to Government's Request to Introduce 404(b) Evidence.

2.  Officers at the scene on Nov. 22, 2006, placed defendant under arrest and

searched him.  According to the government, the officers recovered a cellphone and a

card advertising the Tradewinds Night Club in Suitland, MD.  *(Omnibus Opposition to*

*Defendants' Motions,* p. 4.)  The defendant avers that the police arrested him without

probable cause to believe that he had committed a firearms violation relating to the two

handguns found near the Buick sedan the police believe codefendant Seegers was

driving, or the live ammunition found in the guns and the spent shell casings found on the

driver's side floorboard and area under the driver's side seat of the Buick.  Further,

defendant avers that the police had no probable cause to cite him for a separate offense,

Possession of Alcohol in an Open Container, in violation of Title 25 D.C. Code §1001.

The defendant did not possess or otherwise have control over any open container of

alcohol found in the Buick.  Moreover, defendant exhibited no signs of recent drinking

and the police elected not to subject him to a Field Sobriety Test, or other test designed to

determine whether he was under the influence of alcohol.  The police may, of course,

search a defendant's person following a lawful arrest, *see United States v. Watson*, 423

U.S. 411 (1976), but in the absence of probable cause to believe that the individual has

committed a crime which subjects him to arrest, no inventory search may be done.  And

the very standard the Government cites in its Omnibus Opposition to Defendants' Pretrial

Motions[1] is one which the evidence here does not meet.

    3.  If the police arrested defendant without probable cause to do so, then the

statements attributed to defendant[2] must be suppressed as "fruit of the poisonous tree,"

*see Wong Sun v. United States,* 371 U.S. 471 (1963).

    WHEREFORE, defendant moves the Court to suppress all tangible evidence

found on defendant's person and statements which have been attributed to defendant.

    A proposed Order is attached.

---

[1] "Probable cause must be evaluated in terms of the totality of the circumstances, as viewed by a reasonable and prudent police officer in light of his training and experience, that would lead the officer to believe that a criminal offense had been or is being committed." *See United States v. Green,* 216 U.S. App. D.C. 329, 670 F.2d 1148 (1981); *Brinegar v. United States,* 338 U.S. 160 (1949).

[2] Overhead by Ofc. Joseph Bellino while defendants Seegers and Bizzell were occupying holding cells. *See Omnibus Opposition to Defendants' Motions,* p. 5.

Respectfully submitted,

NATHAN I. SILVER/#944314
Attorney for Reginald Bizzell
P.O. Box 5757
Bethesda MD 20824-5757
(301) 229-0189 (voice & fax)
email: NISquire@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to Suppress Tangible
Evidence Recovered from Defendant's Person and Statements Attributed to Defendant
has been served via electronic transmission through ECF upon Angela Hart-Edwards,
Esq., asst. U.S. Attorney,  United States Attorney's Office for the District of Columbia,
555 4th St. NW, Washington DC 20530, and upon Jonathan Jeffress, Esq., Staff Attorney,
Federal Public Defender, this 5th day of February, 2007.

_____
*Nathan I. Silver*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America_____
                                              )        Crim. No. 06-366-02 (RWR)
                                              )
                    versus                    )
                                              )
Reginald Bizzell,                             )
_____Defendant_____ )

ORDER

       Upon good cause shown by defendant in his Motion to Suppress Tangible

Evidence Recovered from Defendant's Person and Statements Attributed to Defendant,

and upon other evidence before the Court in the record of this case, it shall be and hereby

is,

       ORDERED, this _____ day of _____, 2007, that the so-described

Motion is GRANTED, and it is further

       ORDERED, that the Government may not admit, in its case-in-chief, any and all

tangible evidence which it obtained as the result of the search of defendant following his

arrest on Nov. 22, 2006, or the statements attributed to defendant which the government

contends defendant made in a holding cell following his arrest.


                                        _____
                                        Hon. Richard W. Roberts
                                        United States District Judge

       cc:    Nathan I. Silver, Esq.
              P.O. Box 5757
              Bethesda MD 20824

              Angela Hart-Edwards
              United States Attorney's Office
              555 4th Street NW
              Washington DC 20530

Jonathan Jeffress, Esq.
Federal Public Defender
625 Indiana Ave. NW – Suite 550
Washington DC 20004