UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.  06-366 (RWR) |
| | : | |
| REGINALD BIZZELL, | : | |
| | | |
| Defendant. | : | |
| _____ | : | |

**UNITED STATES' OPPOSITION
TO DEFENDANT'S MOTIONS TO SUPPRESS TANGIBLE EVIDENCE AND
STATEMENTS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's Motion to Suppress Tangible Evidence Recovered from Defendant's Person and Statements Attributed to Defendant arguing there was no probable cause to arrest the defendant.

1.      On December 19, 2006, the defendant was indicted  for Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title18, United States Code, Section 922(g)(1).

2.      At a hearing or trial in this matter, government counsel expects the evidence to demonstrate that on November 22, 2006 at about 2:50 a.m., the defendant was a passenger in a vehicle that led United States Park Police (USPP) Joseph Bellino on a high speed chase in Washington, D.C.  During this chase several D.C. traffic laws were violated and the driver was issued citations.

3.      The defendant Bizzell was seen by the arresting officer as a passenger in the vehicle.  While the officers were processing the vehicle involved in the chase and the driver who possessed a gun, they saw the defendant exit a wooded area and walk down Southern Avenue

away from the scene as if he was an innocent bystander. Bizzell was stopped and placed under arrest and searched incident thereto. Bizzell told the officers that he had just left his girlfriend's home and was walking to his residence and had nothing to do with the vehicle pursuit. Search of Bizzell incident to arrest revealed a cell phone and a card advertising the Trade Winds Night Club from his pockets.

4. On February 5, 2007, Bizzell filed a Motion For Leave to Late File a Motion to Suppress Tangible Evidence Recovered from Bizzell's Person and Statements Attributed to Bizzell. On February 20, 2007, this Court granted Bizzell's Motion to Late File his (third Suppression) Motion and ordered the government to respond no later than February 26, 2007. Bizzell's motion is without merit and should be denied.

## ARGUMENT

**The warrantless arrest of defendant Bizzell was lawful and based on probable cause.**

5. Probable cause must be evaluated in terms of the totality of the circumstances, as viewed by a reasonable and prudent police officer in light of his training and experience, that would lead the officer to believe that a criminal offense had been or is being committed. See United States v. Green, 216 U.S. App D.C. 329, 670 F. 2d 1148 (1981); Brinegar v. United States, 338 U.S. 160 (1949). As explained by the District of Columbia Court of Appeals,

> probable cause exists 'where the facts and circumstances within . . . [the police officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed," Price v. United States, 429 A.2d 514, 517 (D.C. 1981); [t]he question is what constituted probable cause in the eyes of the reasonable, cautious and prudent police officer under the circumstances of the moment. Id. At 517-518 (quoting Bell v. United States, 102 U.S. App. D.C. 383, 254 F.2d 82, 86 cert. denied, 358 U.S. 885 (1958)).

6.        A police officer may, as a matter of course, order a passenger of a lawfully stopped vehicle to exit the vehicle and may search the passenger out of safety concerns. <u>Maryland v. Wilson</u>, 519 U.S. 408, 144 (1997).  Here, Bizzell's arrest occurred after USPP Bellino tried to conduct a traffic stop of Seegers who fled the police.  Also, Bizzell's arrest occurred after the driver Seegers was found to be in possession of a gun and the vehicle to contain ammunition.  Clearly, USPP Bellino had probable cause for ordering Bizzell out of the vehicle and patting him down out of safety concerns - to determine if he possessed any other firearms or ammunition.  Because the arrest of Bizzell was lawful, the fruits of the search incident thereto, should not be suppressed.

WHEREFORE all of the forgoing reasons, the government respectfully request that this Court deny the defendants motion to suppress statements and evidence obtained at the scene of this incident.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

By:  _____/s/_____
Angela Hart-Edwards
Assistant United States Attorney
PA Bar #61468
U.S. Attorney's Office
555 4th Street, N.W., Rm. 44241
Washington, D.C. 20530
(202) 307-0031

## Certificate of Service

I hereby certify that a copy of the United States' Omnibus Opposition To Defendants' Pretrial Motions was served electronically upon counsel of record for defendants this 26th day of February, 2007.

_____
Angela Hart-Edwards
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-366 (RWR) |
| | : | |
| **REGINALD BIZZELL,** | : | |
| **Defendant.** | : | |
| | : | |

**ORDER**

This matter is before the Court to suppress statements and evidence. The Court, having considered the Defendant Motion to Suppress Statements and Evidence and the Government's Opposition thereto, and evidence put on at a hearing this _____ day of March, 2007, it is hereby

ORDERED, that the Defendant Bizzell' Motion to Suppress Statements and Evidence shall be denied.

_____
U.S. District Court Judge R.W. Roberts