UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America_____
)                    Crim. No. 06-366-02 (RBW)
)
versus            )
)
Reginald Bizzell,            )
_____Defendant_____)

**PROPOSED JURY INSTRUCTIONS**

Defendant, by undersigned counsel appointed under the Criminal Justice Act,

hereby submits his proposed jury instructions.

1.  Defendant incorporates by reference herein the Proposed Jury Instructions,

filed by codefendant Rodriguez Seegars, this 18th day of June, 2007, by his attorney,

Jonathan Jeffress, Esq., staff attorney, Federal Public Defender.  Defendant agrees with

the applicability of the instructions submitted by codefendant.

2.  Defendant further requests that the Court supplement codefendant's proposed

jury instructions with the following:

(a)  Instruction 1.08 "Expert Testimony" (p. 19)

(b)  Instruction 2.48 "Statement of Defendant" (p. 124) ¶1 only, modified as

follows:

> Evidence has been introduced that the defendant made a statement after
> his arrest about the crime charged.  You should weigh the evidence with
> caution and carefully consider all the circumstances surrounding the
> making of the statement in deciding whether or not the defendant made the
> statement and what weight to give it, along with all the other evidence,
> when deciding guilt or innocence of the defendant.

(c)  Instruction 2.54 "Multiple Defendants – Multiple Counts" (p. 157)

(d)  Instruction 2.55 "Evidence Admitted Against One Defendant Only" (p. 158), and

(e)  Instruction 5.06 "Identification" (p. 589)[1]

Defendant proposes 1.08, because the government has informed defendant that it intends to call an opinion witness to testify about the interstate provenance of the firearm the government alleges Mr. Bizzell possessed.  Defendant proposes 2.48 because Ofc. Bellino, the arresting officer, contends that he heard defendant and codefendant talking about their crimes while in holding cells at the police district.  Defendant proposes nos. 2.54 and 2.55 because the defendants, though indicted together with identical crimes, are charged in individual counts of the indictment with the possession of different firearms. It seems likely, even inevitable, that the government will introduce evidence that pertains to one, but not both, of the defendants.  Finally, identification is at issue because the police arrested defendant after, they say, he returned to the scene of the suspect vehicle's crash at 6th Street and Southern Ave., S.E.  The government contends Mr. Seegars occupied the vehicle, left the scene after it crashed, only to return minutes later.

3.  Defendant reserves, as needed, instruction on Defendant's Theory of Case and other instructions which may become necessary once trial commences.

This pleading is,

Respectfully submitted,

NATHAN I. SILVER/#944314
Attorney for Reginald Bizzell
P.O. Box 5757
Bethesda MD 20824
(301) 229-0189 (voice & fax)
email: NISquire@aol.com

---

[1] From Criminal Jury Instructions for the District of Columbia (4th ed. December 2004)

CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that a copy of the foregoing pleading has been served this 18th day of June, 2007, upon Angela Hart-Edwards, Esq., Federal Major Crimes, U.S. Attorney's Office, 555 4th Street NW, Washington DC 20530, and upon Jonathan Jeffress, Esq., staff attorney, Federal Public Defender, 625 Indiana Ave. NW, Washington DC 20004, this 18th day of June 2007 by electronic transmission.

_____

*Nathan I. Silver*