UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-366 (RBW) |
| | : | |
| RODRIQUEZ SEEGERS, | : | Trial Date: July 30, 2007 |
| REGINALD BIZZELL | : | |
| Defendants. | : | |
| | : | |

**GOVERNMENT'S MOTION FOR LEAVE TO LATE FILE
GOVERNMENT'S PROPOSED STATEMENT OF CASE, JURY INSTRUCTIONS,
AND VOIR DIRE QUESTIONS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests permission to file late its proposed statement of case, jury instructions, and voir dire questions. As grounds for this motion the government states as follows:

The assigned Assistant mistakenly followed this Court's standing order regarding due dates for filing proposed jury instructions and voir dire and marked her calendar accordingly. The confusion came from the fact that the case had been transferred and she was mistakenly thinking that the due date of June 18 was set by the first judge handling the case. On June 18, when all counsel of this case conversed, the undersigned Assistant U.S. Attorney was unable to complete the government's proposed jury instructions and voir dire questions due to commitments in two other cases.

Government Counsel consulted defense counsel on its need to late file. Neither defendant's counsel object to the government's late filing (2 days late) of its proposed statement of case, jury instructions, and voir dire questions.

WHEREFORE, the United States respectfully requests that its motion be granted.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney

        _____

By:    Angela Hart-Edwards
       Assistant U.S. Attorney
       555 4th Street, N.W., Room 4241
       Washington, D.C. 20530
       (202) 307-0031

## Certificate of Service

I hereby certify that a copy of the United States' Motion to Late File Its Proposed Statement of Case, Jury Instructions and Voir Dire Questions was served electronically upon counsel of record for defendants this 22nd day of June, 2007.

        _____

        Angela Hart-Edwards
        Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 06-366 (RWR) |
| : | |
| RODRIGUEZ SEEGERS : | |
| REGINALD BIZZELL, : | |
| : | |
| Defendants. : | |
| _____ : | |

## ORDER

Upon consideration of the United States' Motion for Leave to Late File Its Proposed Statement of Case, Jury Instructions, and Voir Dire Questions and there being no objection from the defense;

it is this _____ day of _____, 2007, hereby

**ORDERED** the Government's Motion for Leave to Late File Its Proposed Statement of Case, Jury Instructions, and Voir Dire Questions is GRANTED

_____
R.B. Walton
United States District Court Judge for the District of Columbia

Copies to counsel of record

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-366 (RBW) |
| | : | |
| RODRIQUEZ SEEGERS, | : | Trial Date: July 30, 2007 |
| REGINALD BIZZELL | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**GOVERNMENT'S PROPOSED STATEMENT OF CASE,
JURY INSTRUCTIONS, AND VOIR DIRE QUESTIONS**

The United States, by and through the United States Attorney for the District of Columbia, hereby submits the following pre-trial statement.

*Statement of the Case*

This is a criminal case. The Government has charged each defendant, Rodriquez Seegers and Reginald Bizzell, with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1). The Government alleges that on or about November 22, 2006, at about 2:50 a.m., each defendant, after having been convicted of a crime punishable by imprisonment for greater than a year, knowingly received and possessed firearms along with ammunition, which had been possessed, shipped and transported in, and affected interstate commerce.

## *Government's Proposed Voir Dire Questions*

The process of jury selection is called voir dire, and its object is to select twelve jurors and two alternates who have no prior knowledge concerning this case and no bias toward either side in this case. In short, it is our aim to select a jury that will reach a verdict based solely upon the evidence presented in this courtroom and the law as I instruct you. I will now ask you a series of questions. Before each question, I will give you the number of the question. If your answer to a question is yes, please write the number of the question down on the card which has been provided to you. If you do not have an index card and pen, please raise your hand now.

1. The government alleges that the charged offenses occurred on February 22, 2006, at about 2:50 a.m., at the intersection of Southern Avenue and 6th Street, N.E. resulting in a white Buick Regal crashing into a tree on that corner. Mr. Seegers was the driver of the vehicle. Based on this information, does any member of the jury panel believe that he or she knows anything about this case?

2. Does any member of the panel live or work near that location or have anything more than a mere general familiarity with the location?

3. The United States is represented by Assistant United States Attorneys Angela Hart-Edwards and Patricia Stewart. Does any member of the panel know or know of Ms. Hart-Edwards or Ms. Stewart?

4. Mr. Reginald Bizzell is represented by Nathan I. Silver, II., Esq., and Mr. Rodriquez Seegers is represented by Assistant Public Defender Jonathan Jeffress. Does any member of the panel know or know of either Mr. Silver, II or Mr. Jeffress?

5.  Do any of you, your relatives or friends, know or associate with either Mr. Bizzell or Mr. Seegers?

6.  During the presentation of evidence by the United States, you may hear testimony from or about the following persons: [*List to be provided at trial*]. Does any member of the panel know any of these prospective witnesses?

7.  Neither defendant has an obligation to present any evidence or witnesses. If, however, either or his counsel choose to call a witness or witnesses, you may hear testimony from or about the following persons: [*List to be provided at trial*]. Does any member of the panel know any of these prospective witnesses?

8.  As I stated, I am Reggie B. Walton. My courtroom clerk is Mattie Powwell-Taylor, and my law clerk(s) is (are) _____. The court reporter is [    ]. Do you know me or any member of my staff?

9.  A number of government's witnesses are police or law enforcement officers. Would any of you tend to give either more or less weight to a police or law enforcement officer, simply because he or she is a law enforcement officer?

10. Please take a moment to look around the room at your fellow panel members. Do any of you know any other member of the jury panel?

11. Messers Bizzell and Seegers are each charged with possession of a firearm and ammunition after having been convicted of a crime punishable by imprisonment exceeding a year. Do you have such strong feelings about guns (for or against) that

the nature of this charge itself would make it difficult for you to render a fair and impartial verdict if you are chosen as a juror?

12. Does any member of the prospective jury believe that guns, including one's (a individual other than law enforcement) possession should be legalized for any reason?

13. Have any of you, any members of your family, or any close friend, had an experience with police, or with any persons associated with or employed by the Untied States Attorney's Office or the Court, which would make it difficult for you to be a fair and impartial juror in this case?

14. Have you or any of your family members or close friends ever worked for, in any capacity, or have an application pending with, any type of law enforcement agency, including the Metropolitan Police Department, the Federal Bureau of Investigation, the Drug Enforcement Administration, the U.S. Secret Service, the U.S. Park Police, the Immigration and Naturalization Service, the Bureau of Immigration of Customs Enforcement?

15. Do any of you, your close friends or relatives presently have a pending application for employment with the United States Attorney's Office, the public defender service, or a defense attorney?

16. Has any member of the panel or any family member or a close friend ever been the victim of a crime, a witness to a crime, or charged with a criminal offense? If so, do you believe the process was fair?

17. Do any of you now belong to or participate in, or have any of you within the past five years belonged to or participated in, any crime prevention group, such as neighborhood watch organizations or "Orange Hat" groups?

18. Have any of you been involved in a lawsuit in which the United States was a party?

19. Has any member of the jury panel ever served as a grand juror or petit juror within the past five years?

20. Even though Messers Bizzell and Seegers were arrested in this case, they are presumed innocent unless the government proves guilt beyond a reasonable doubt. Does the fact that Messers Bizzell and Seegers have been arrested make it difficult for any of you to presume now that they are innocent?

21. There has been an indictment in this case. An indictment is merely a formal way of presenting charges. It is a way to inform Messers Bizzell and Seegers, the Court and the members of the jury what they are charged with. It has no other purpose. Is there anyone here who would presume Messers Bizzell and Seegers are guilty merely because an indictment formally charged him with a crime?

22. The government has the burden of proving that Messers Bizzell and Seegers are guilty. This burden of proof never shifts to the defendant. Would you have any difficulty in applying this principle of law?

23. There are two defendants in this case. You may find that the evidence supports the guilty of one defendant and not the other. Would you have a problem finding guilt for one defendant and not the other, if the evidences so suggests?

24. The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without any regard whatsoever for what the potential punishment might or might not be. Would you have any difficulty at all in following this principle?

25. Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court. Would you for any reason not be able to accept and follow my instructions regarding the law?

26. Has any member of the jury panel, or any of your immediate family members or close friends studied law or had any legal training?

   a. In what areas of law has that training or practice been?

   b. Have you discussed with your friends or relatives who have had legal training the nature of their work or cases they have handled?

   c. If you have handled or studied legal matters or discussed legal matters with friends or relatives who practice or study law, would that affect your ability to follow the Court's instructions as to the law to be applied to this case or your ability to be fair and impartial in this case?

27. Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court. Would you, for any reason not revealed by these questions, not be able to accept and follow the Court's instructions about the law?

28. Is there any member of the jury panel who has any moral, religious or philosophical convictions which would make it difficult for you to pass judgment on another person or to render a judgment in this case?

29. Do any of you have an illness or other medical condition which would make it difficult for you to sit as a juror?

30. The presentation of the evidence in this case is expected to take three days, after which the jury will begin deliberations. Is there any member of the jury panel who has an urgent or extremely important matter to attend to such that he or she would be faced with a hardship if selected for the jury in this case?

*Proposed Jury Instructions*

I.   *Instructions Before and During Trial*

1.01   Instruction to Defendant(s) on Bond at Beginning of Trial

1.02   Notetaking by Jurors

1.03   Preliminary Instruction Before Trial
- Read or summarize the indictment
- Read the Elements of the offense. See page 10.

1.04   Definitions (if necessary)

- *Stipulation of fact* that each defendant has been convicted of a crime punishable by a term of imprisonment exceeding one year for purposes of 18 U.S.C. § 922(g)(1) in light of Old Chief v. United States, 519 U.S. 172 (1997).

1.05   Cautionary Instruction Prior to First Recess

1.07   Question Not Evidence

1.08   Expert Testimony

1.09   Sua Sponte Limiting Instructions -- Note

1.12   Impeachment by Proof of Conviction of a Crime - Witness

1.13   Impeachment by Proof of Conviction of a    Crime – Defendant

1.14   Impeachment of Defendant -- Statements

1.16   Cautionary Instruction on Publicity

1.20   Questions by Jurors

1.21   Preliminary Instruction to Jury Where Identity of Alternates Is Not Disclosed

1.22   A Juror's Recognition of a Witness or Other Party Connected to the Case

II. Final Instructions

    A. General/Introductory

2.01    Function of the Court

2.02    Function of the Jury

2.03    Jury's Recollection Controls

2.04    Evidence in the Case -- Judicial Notice, Stipulations, Depositions

2.05    Statements of Counsel

2.06    Indictment Not Evidence

2.07    Inadmissible and Stricken Evidence (if necessary)

2.08    Burden of Proof -- Presumption of Innocence

2.09    Reasonable Doubt

2.10    Direct and Circumstantial Evidence

2.11    Credibility of Witnesses

2.13    Number of Witnesses

2.14    Nature of Charges Not to Be Considered

    B. Evaluation of Testimony

2.26    Police Officer's Testimony

2.28    Defendant as Witness (if necessary)

2.30    Transcripts of Tape Recordings

    C. Evaluation of Other Evidence

2.44    Flight or Concealment by Defendant

2.49    Defendant's Statements – Corroboration

2.50    Statements -- Co-Defendant

2.51    Other Crimes Evidence

2.55    Evidence Admitted Against One Defendant Only

   *D.  Closing Remarks*

2.71    Selection of Foreperson

2.72    Unanimity

2.73    Exhibits During Deliberations

2.74    Possible Punishment Not Relevant

2.75    Communications Between Court and Jury During Jury's Deliberations

2.77    Use of Verdict Forms -- Note

*Definitions and Proof*

3.02      Proof of State of Mind

3.08      Possession

*Offense*

### ***Possession of a firearm by a person previously convicted of a felony***

   The essential elements of possession of a firearm by a person, who has been convicted of a crime punishable by imprisonment for a term exceeding one year, each of which the government must prove beyond a reasonable doubt, are:

1.    That the defendant possessed a firearm; that is, a handgun;

2.    That the defendant did so knowingly;

3. That the firearm had been shipped or transported from one state to another; (the District of Columbia is considered a state for this purpose); and

4. That, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

An act is done knowingly if the defendant was conscious and aware of his act, realized what he was doing, and did not act because of mistake, inadvertence, or accident.

[You are instructed as a matter of law that [insert name of crime] is a crime punishable by imprisonment for a term exceeding one year.] [The parties have stipulated that the defendant has previously been convicted of a crime punishable by imprisonment for a term exceeding one year.]

It is necessary that the firearm which the defendant allegedly possessed have traveled or been transported in interstate commerce. Property is in interstate commerce if its movement originates in one state and passes through another state, to include the District of Columbia. The interstate character of transport begins when the property is set aside for interstate transportation and comes into the possession of those who are assisting its movement in interstate transportation, and continues until the property arrives at its destination and is delivered.

The government may meet its burden of proving a connection between interstate commerce and possession of a firearm by a convicted felon if it is demonstrated that the firearm possessed by a convicted felon had previously traveled in interstate commerce. It is not necessary that the government prove that the defendant purchased the firearm in some state other than where it was found with it, or even who did purchase the firearm. Nor must the government prove that the defendant was the one who carried it across a state line. It is necessary only that the government

prove that the defendant, having previously been convicted of a felony, knowingly possessed a firearm that, at some time, had previously traveled in interstate commerce.

*Definition of Possession* – see Criminal Jury Instruction 3.08, supra.

*Definition of "Firearm"*

The term "firearm" includes any weapon which will or is designed to or can readily be converted to expel a projectile by the action of an explosion. 18 U.S.C. § 921(a)(3). The government need not prove that the firearm was loaded or operable. Unloaded and inoperable firearms can be a basis for a violation of this section if the other elements of the offense are met. United States v. Ruiz, 986 F.2d 905, 910 (5th Cir.), cert. denied, 510 U.S. 848 (1993); United States v. Coburn, 876 F.2d 372, 375 (5th Cir. 1989).

*Definition of "Carry"*

The term "carry" means to bear on one's person. In addition, the word "carry" applies to a person who knowingly possesses and conveys a firearm in any location within a vehicle which the person accompanies. A person carries a firearm in a vehicle which the person accompanies. A person carries a firearm in a vehicle when the person knowingly possesses the firearm in any location in a vehicle which the person accompanies, regardless of whether the person bears the firearm on his person. Muscarello v. United States, 524 U.S. 125 (1998); United States v. Joseph, 169 F.3d 9, 13 (D.C. Cir.), cert. denied, 120 S. Ct. 266 (1999); United States v. Toms, 136 F.3d 176, 181 (D.C. Cir. 1998)].

*2.51(B) Other Crimes Evidence*

The government requests that Instruction 2.51(B) of the *Criminal Jury Instructions for the District of Columbia*, be read as follows:

> You have heard evidence that the defendant Mr. Bizzell possessed a rifle shot gun in the closet of his home. It is up to you to decide whether to accept that evidence. If you consider the evidence that the defendant possessed a shotgun in his home, you may use such evidence only to help you decide whether the government has proved beyond a reasonable doubt that the defendant had the specific intent to possess the firearm on November 22, 2006, and whether he acted knowingly and on purpose in doing so and not by mistake or accident.
>
> You may not consider the evidence for any other purpose. Further, you may not consider this evidence to conclude that the defendant has a bad character, or that the defendant has a criminal personality. The law does not allow you to convict a defendant simply because you believe he may have done bad things not specifically charged as crimes in this case.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

_____

By: Angela Hart-Edwards
Assistant U.S. Attorney
555 4th Street, N.W., Room 4241
Washington, D.C. 20530
(202) 307-0031 (tel.)

(202) 514-6010 (fax)

## Certificate of Service

I hereby certify that a copy of the United States' Proposed Statement of Case, Jury Instructions, and Voir Dire Questions was served electronically upon counsel of record for defendants this 20th day of June, 2007.

_____
Angela Hart-Edwards
Assistant United States Attorney